UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

HOLLI WRICE,                             )
                                         )
        Petitioner,                      )
                                         )
    v.                                   )          Case No. 1:25-cv-00051-SNLJ
                                         )
MICHAEL SEGAL,                           )
                                         )
        Respondent.                      )

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon the amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by convicted federal prisoner Holli Wrice.  ECF No. 3.  Petitioner, currently incarcerated at a federal corrections facility in Minnesota, challenges the execution of her federal sentence.  *Id.* at 1.  After reviewing the amended petition, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the District of Minnesota.

**Background**

Petitioner is currently incarcerated with the Bureau of Prisons at FCI Waseca in Minnesota.  ECF No. 3 at 1.  Petitioner initiated this action with a handwritten letter received by the Court on March 19, 2025.  ECF No. 1.  The Court directed her to amend on a Court form and to either pay the filing fee or file a motion to proceed *in forma pauperis*.  ECF No. 2.  On June 20, 2025, Petitioner filed an amended 28 U.S.C. § 2241 petition, alleging that the Bureau of Prisons failed to correctly recalculate her sentence after

she received a sentence reduction.  ECF No. 3 at 1-2.  Furthermore, the Court received and processed Petitioner's $5.00 filing fee payment on June 30, 2025.  ECF No. 5.

**Discussion**

Jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present.  *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976).  According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (citation omitted).

Here, petitioner is not confined within the Eastern District of Missouri, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction.  Petitioner is incarcerated in a federal facility in Waseca, Minnesota, which is in the jurisdiction of the United States District Court for the District of Minnesota.  *See* 28 U.S.C. § 103(2).

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought.  *See also* 28 U.S.C. § 2241(d) (discussing how a district court may transfer an application for a writ of habeas corpus to

2

the proper district court for hearing and determination).  Upon transfer under § 1631, the action proceeds as if it had been originally filed in the Court to which it is transferred.  As such, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the District of Minnesota.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the District of Minnesota.

Dated this 2nd day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE